IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ELMER ALCIDES VELASQUEZ
LOZANO,
                      *Petitioner*,

    v.                                                         1:25-cv-1731-MSN-LRV

JOSEPHY SIMON, *et al*.,
                      *Respondents*.

ORDER

Elmer Alcides Velasquez Lozano ("Petitioner") has filed a three-count Petition for Writ of

Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally

detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs

Enforcement ("ICE"). ECF 1. Specifically, Petitioner alleges that his characterization by DHS as

an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory

detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA")

(Count I) and his due process rights (Count II, Petition ¶¶ 55–58). He also contends that his

continued detention after warrantless arrest violates his Fourth Amendment rights (Count III[1]).

Petitioner is currently detained at the Farmville Detention Center, in Farmville, Virginia.

Petition ¶ 47. He has sued Joseph Simon, director of the ICE Enforcement and Removal Operations

("ERO") Washington Field Office; Kristi Noem, the DHS secretary; and Pamela Bondi, the

Attorney General. *Id*. at 1. He has also sued Jeff Crawford, the warden of the Farmville Detention

Center. *Id*. Federal Respondents have opposed the Petition. ECF 4. For the reasons that follow, the

Court will grant the Petition as to Count II (Petition ¶¶ 55–58).[2]

---

[1]    Petitioner's Fourth Amendment Claim is erroneously titled as a second Count II.
[2]    Because the Court grants the Petition as to Count II it need not address Petitioner's other claims.

## I.   BACKGROUND

Petitioner is a native and citizen of El Salvador. Petition ¶ 1. In 2023, he entered the United States without inspection and has lived here since that time. *Id*.; ECF 4-1 ¶ 6. On September 23, 2025, ICE ERO agents stopped Petitioner in Washington D.C. and arrested him after determining he was present in the United States without being admitted or paroled. ECF 4-1 ¶ 7. Petitioner was taken to the Farmville Detention Center, in Farmville, Virginia. *Id*. The same day, DHS issued Petitioner a Notice to Appear charging him with being inadmissible to the United States and removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and 8 U.S.C. § 1182(a)(6)(A)(i). *Id*. ¶ 8. Respondents have allegedly taken the policy position that Petitioner is ineligible for a bond hearing consistent with the BIA's decision in *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025). Petition ¶¶ 36, 37.

## II.   ANALYSIS

The central question posed in the Petition is whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioner contends that his detention should be governed by § 1226(a) and that his current detention without bond pursuant to § 1225(b)(2) violates his right to due process. Federal Respondents "recognize that this Court and other jurists of this Court recently rejected Federal Respondents' arguments" to the contrary. ECF 4 at 1; *see also, e.g.*, *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raise these same arguments "to preserve them for appeal." *Id*. at 2.

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary

detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. *Id.* at 5–14. They therefore argue that because Petitioner is present in the United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.*

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[3] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8–9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Petitioner been present in the United States for two years, and because § 1226(a) sets forth "the default rule" for detaining and removing aliens "already present in the United

---

[3]    *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), his detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an IJ in which the IJ must determine whether he poses a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless the IJ makes such a determination, Petitioner's continued detention is unlawful and, for many of the reasons stated in *Quispe-Ardiles*, 2025 WL 2783800, at *9–10, violates his right to due process.

### III.    CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that Federal Respondents shall hold a standard bond hearing in front of an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven days of that motion; and it is further

ORDERED that Federal Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that Federal Respondents file a status report with this Court within three days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond is denied, the reasons for that denial.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/

Michael S. Nachmanoff
United States District Judge

October 28, 2025
Alexandria, Virginia

4